UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Eduardo Benavides, | ) | C/A No. 2:10-0491-JFA-RSC |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| Mary Mitchell, | ) | |
| Respondent. | ) | |

Petitioner Eduardo Benavides, a federal prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2241. He contends that he is being deprived of his due process rights because the respondent seized his legal materials that he needs to appeal his federal conviction. Petitioner further contends that he has filed the first step of a grievance with the Bureau of Prisons (BOP), but that he should not be required to fully exhaust his administrative remedies.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the petitioner is raising civil rights claims relating to legal materials and medical care which are cognizable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but not cognizable under 28 U.S.C.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Section 2241. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 5, 2010. Petitioner filed timely objections to the Report wherein he generally objects to the Magistrate Judge's findings and reiterates his claims that legal materials were unlawfully seized by the respondent. The court finds petitioner's contention that his Section 2241 is proper to be without merit.

In his objections, petitioner also asserts that on March 13, 2010, he was informed that the BOP has no record of him filing a grievance with the BOP and that this is merely another attempt to obstruct his access to the courts. He argues that this is the third grievance form that was lost by the BOP officials.

The Magistrate Judge notes in his Report that since the allegations raised by the petitioner are facially valid civil rights claims, that petitioner can properly raise such claims in a *Bivens* action, but only after he exhausts available remedies. Here, petitioner concedes that he has only completed the first step in the prison grievance procedure. As the Magistrate Judge notes, petitioner has "no alternative but to comply" with the full administrative processes before be may proceed in this court.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. This

action is dismissed without prejudice and without issuance and service of process.

    IT IS SO ORDERED.

April 12, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge